ADAMS, Special Deputy Supervisor of Banking, v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
March 26, 1928.

No. 5292.

Bankruptcy ⚖60—Action of state supervisor of banking in taking possession of bank's assets for liquidation held "act of bankruptcy," entitling government to priority ([31 USCA § 191]; Bankr. Act, § 3a, subd. 4 [11 USCA § 21]; Rem. Comp. Stat. Wash. § 3276).

Action of supervisor of banking of state of Washington in taking possession of assets of insolvent bank for liquidation constitutes "act of bankruptcy," within Rev. St. § 3466 (31 USCA § 191), and Bankruptcy Act, § 3a, subd. 4 (11 USCA § 21), giving preference to debts due United States, notwithstanding Rem. Comp. Stat. Wash. § 3276, since possession by supervisor of banking was "possession of a receiver or trustee."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington.

Suit by the United States against T. H. Adams, as Special Deputy Supervisor of Banking of the State of Washington, liquidating the Southwestern Washington Bank of Ilwaco. Judgment for the United States

(9 F.[2d] 624), and defendant appeals. Affirmed.

Miller, Wilkinson & Miller, of Vancouver, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and Arthur. E. Simon, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. On September 4, 1923, the supervisor of banking of the state of Washington, having found the Southwestern Washington Bank unsound, unsafe, and in an insolvent condition, without assets sufficient to meet its outstanding indebtedness, took possession of the bank by virtue of statutory authority and proceeded to liquidate its affairs. The appellee brought a suit in the court below to recover moneys deposited with the bank by the local postmaster, claiming $659.23, a balance unpaid upon the postal savings account, and $1,620.52 deposited by the local postmaster from the general receipts of the post office, and asserting that as to both said claims the United States was entitled to priority of payment. The court below rendered judgment as prayed for in the complaint.

The appellant assigns error to the failure of the trial court to find and adjudge that the bank made no voluntary assignment of its property and committed no act of bankruptcy entitling the appellee to priority. To sustain the contention that no act of bankruptcy was committed, within the meaning of section 3466, R. S. (31 USCA § 191), reliance is placed upon the decision in United States v. State of Oklahoma, 261 U. S. 253, 43 S. Ct. 295, 67 L. Ed. 638. In that case it was held that the bank commissioner was not a receiver or trustee appointed because of insolvency, within the meaning of the Bankruptcy Act (11 USCA), and that the bank was not insolvent within the meaning of section 3466, R. S.; that under the Banking Law of Oklahoma insolvency occurs whenever a bank is unable to pay its debts and continue as a going banking concern, whereas under section 3466 a bank is insolvent if it has not sufficient property to pay its debts.

It is true that the court said: "In this case it is not alleged that the Oklahoma state bank voluntarily placed itself in the hands of the bank commissioner under section 302 [Rev. Laws Okl. 1910], or that it made a voluntary assignment of its property; but it is alleged that the bank commissioner adjudged it insolvent and took charge and possession of its assets. No action on the part of the bank was necessary, and none is alleged." But we think that in the present case the bank committed an act of bankruptcy under subdivision 4, § 3a, of the Bankruptcy Act (11 USCA § 21), which declares it to be an act of bankruptcy when "because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States." We are unable to agree that possession by a supervisor of banking under the laws of Washington is not possession of a receiver or trustee. When the supervisor takes possession, under the law, his possession and control divests the possession and control of the bank officers over the assets of the bank, and under authority of law he proceeds to liquidate and wind up the affairs of the corporation, and distribute its assets to those entitled thereto.

We think the decision in Bramwell v. United States, 269 U. S. 483, 46 S. Ct. 176, 70 L. Ed. 368, is controlling here. It is true that the Bramwell Case differs from this, in that in the former the property and business of an Oregon bank were by a resolution of its directors placed in the exclusive possession and control of the state superintendent of banks, to be administered and disposed of for the benefit of creditors pursuant to the Oregon law, whereas in the present case there was no voluntary act on the part of the bank or its officers, by which the bank and its assets were surrendered into the possession of the supervisor of banking. But that difference in the facts is unimportant. It still remains true that here the officers of the bank committed the acts which rendered it insolvent, and that because of that insolvency a trustee was put in charge of the bank's property under a state law, within the meaning of the Bankruptcy Act. There is nothing in the Oklahoma case which requires us to hold otherwise. It was there held that the possession of the bank commissioner in charge of the bank was not the possession of a receiver as defined in the Bankruptcy Act, for the reason that possession was not taken because of insolvency, but in the exercise of authority given by the state to protect depositors with the aid of a state guaranty fund provided for that purpose.

The appellant points to section 3276, Rem. Comp. Stat. Wash., which provides that "no receiver shall be appointed by any court for any bank or trust company," and argues that the supervisor of banking cannot be deemed a receiver, within the meaning of sec-

tion 3466, R. S. But the Washington statute has no such meaning. Its aim and purpose is to lodge all authority in the administration of insolvent banks in the hands of the supervisor of banking, and to deny the authority of any court to appoint a receiver for that purpose. It does not follow that the state officer is not to all intents and purposes a receiver or a trustee. In the Bramwell Case the court said that the duties of the state superintendent of banks of Oregon "were in substance the same as those of a trustee having the legal title of property for the purpose of converting it into money to be paid over to specified persons." And in United States v. People's Trust Co. (D. C.) 17 F.(2d) 437, 442, it was said that, while a bank commissioner was not a receiver appointed by a court, yet he possessed the powers commonly conferred upon a receiver or trustee.

The decree is affirmed.